# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:12-cv-01364-TWP-TAB ) |
| RUDOLF PAMEIJER, LINDSAY R. SAYER, RYAN W KOESTER, and RYKOWORKS CAPITAL GROUP, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## ENTRY DENYING MOTION TO DISMISS

This matter is before the Court on Defendant Ryan Koester's ("Mr. Koester") Motion to Dismiss (Dkt. 18). Plaintiff Securities and Exchange Commission ("SEC") brought this Complaint alleging a fraudulent investment scheme. Mr. Koester contends the SEC's Complaint inadequately alleges the requisite scienter to maintain this action. Finding the Complaint sufficient, Mr. Koester's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

The following facts are taken from the Complaint and are considered true for purposes of this motion. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). Mr. Koester met Rudolf D. Pameijer ("Mr. Pameijer") at a multi-level marketing event in October 2009. At the event, Mr. Koester held himself out as an expert foreign exchange ("forex") trader. He made a presentation to Mr. Pameijer concerning investment opportunities with Mr. Koester's company, Rykoworks. Rykoworks was presented as an investment business that offered 12% guaranteed returns on investments while Rykoworks beared all of the risk. After the initial meeting, Mr. Koester and Mr. Pameijer met several times to discuss an arrangement through which Mr.

Pameijer would direct investment clients to Rykoworks. In December 2009, Mr. Koester and Mr. Pameijer entered into a profit-sharing agreement. Subsequently, Mr. Pameijer and his daughter began soliciting clients to invest in Rykoworks.

Between March 2010 and October 2011, Mr. Pameijer and his daughter raised over $1.5 million for investment in Rykoworks. Mr. Koester was listed on promissory notes as "trader/manager." Mr. Koester raised at least $560,000.00 from investors. Between January 2010 and February 2011, Mr. Koester withdrew over $285,000.00 in cash from Rykowork's account and used a portion of these funds to pay for his personal expenses. Mr. Koester depleted the remainder of investor funds through a combination of trading losses, payments to investors, and payments to Mr. Pameijer.

During the course of the scheme, Mr. Koester provided false account information to investors to mislead them about the status of their investments, and failed to disclose to investors the misappropriation of investor funds. Mr. Koester also failed to disclose to investors the trading losses. In late 2011, after receiving demands for account information and investor funds, Mr. Koester told Mr. Pameijer that much of the investor money was gone. In the fall of 2011, Mr. Pameijer sought to raise additional investor funds, but Mr. Koester became unresponsive. Mr. Pameijer told clients that Mr. Koester had absconded with their funds. In total, nearly $1.7 million in investor funds was misused and depleted.

The Complaint specifically alleges that Mr. Koester made material misrepresentations and omissions to investors in connection with the sale of securities, and employed and engaged in a scheme to defraud. Mr. Koester presented investors with promotional materials containing various untrue statements, including that he was offering risk free investment opportunities with his currency trading platform. He falsely stated that investments with Rykoworks were principal

guaranteed, and described a trading system in which investor account balances could never drop below the principal amount. He failed to disclose to clients that he was using their money for personal spending, and that he was suffering trading losses with the remainder.

## II. **LEGAL STANDARD**

Because Mr. Koester filed a responsive pleading, this motion is properly treated as a Motion for Judgment on the Pleadings. Federal Rule of Civil Procedure Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *See* Fed. R. Civ. P. 12(c). The court reviews Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

"[A] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is defeated, however, if a plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

## III. **DISCUSSION**

Mr. Koester contends that the SEC has insufficiently alleged the requisite scienter to support its claim that he violated Section 10(b) of the Securities Exchange Act of 1934, Rule 10b-5 thereunder, and Section 17(a) of the Securities Act of 1933. Federal Rule of Civil Procedure 9(b) imposes more stringent pleading requirements upon allegations of fraud. "In

3

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Complaint in this case satisfies this standard.

To show the violations alleged, the SEC must establish that (1) in connection with the offer or sale of securities, (2) Mr. Koester made material untrue statements or material omissions, or employed or engaged in a scheme to defraud (scheme liability), and (3) he acted with the requisite scienter, in that he intended to deceive, manipulate or defraud investors, or acted recklessly. *See S.E.C. v. Zandford*, 535 U.S. 813, 820–21 (2002). The facts stated in the Complaint state with particularity that Mr. Koester, through his company Rykoworks, made knowing misstatements and omissions about the investment scheme, which involved sale of securities. Specifically, the Complaint alleges that Mr. Koester disseminated brochures that falsely stated that Rykoworks guaranteed 12% returns by using a "proprietary trading methodology," and that Rykoworks bears all of the risk by investing its own cash in addition to clients' cash. At this stage of litigation, this is sufficient to state a plausible claim for relief.

## IV. <u>CONCLUSION</u>

Accordingly, Mr. Koester's Motion to Dismiss (Dkt. 18) is **DENIED**.

**SO ORDERED.**

Date: 02/18/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ryan W Koester
1240 Highland Lake Way
Brownsburg, Indiana  46112

Charles D. Stodghill
U.S. SECURITIES AND EXCHANGE COMMISSION
stodghillc@sec.gov

Devon Anthony Brown
U.S. SECURITIES AND EXCHANGE COMMISSION
brownde@sec.gov

Brian  Fitzsimons
U.S. SECURITIES AND EXCHANGE COMMISSION
fitzsimonsb@sec.gov