UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| RUDOLF PAMEIJER,<br>LINDSAY R. SAYER,<br>RYAN W. KOESTER,<br>RYKOWORKS CAPITAL GROUP, LLC., | : No. 1:12-cv-1364-TWP-TAB |
| Defendants. | : |

**FINAL JUDGMENT AS TO DEFENDANT RUDOLF PAMEIJER**

The Securities and Exchange Commission having filed a Complaint and Defendant Rudolf Pameijer ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; waived any right to appeal from this Final Judgment; and the Court, having previously issued a judgment by consent, which is incorporated herein, permanently enjoining Pameijer from future violations of Section 17(a) of the Securities Act of 1933, and Sections 10(b) and 15(a) of the Exchange Act and Rule 10b-5 thereunder:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

    made, in light of the circumstances under which they were made, not misleading; or

 (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment, by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act ]15 U.S.C. § 78o(b)].

IV.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,226,703, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $217,826, for a total of $1,444,529.  This amount shall be deemed satisfied by the criminal sentencing order entered on June 9, 2014, in *Indiana v. Rudolf Pameijer*, which orders Defendant to pay restitution of $1,819,194.  No civil penalty is being imposed in light of the criminal sentencing order, pursuant to which Defendant was sentenced to eighteen years imprisonment.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED.**

Dated:  4/28/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.